# UNITED STATES DISTRICT COURT
# 61st District Court

180 Ottawa NW, Grand Rapids, Michigan 49503

*Judge B* *COPY*

**FILED - GR**
November 22, 2024 11:42 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: ____/____

**1:24-cv-1250**
Hala Y. Jarbou
Chief U.S. District Judge

**Kenneth Antwan Artis,**

Plaintiff,

v.

**Officer Anthony Leonard, Officer Lucas Raycraft, Officer Drake Schut, Assistant Prosecutor Christopher R. Herman (Badge #68706), Judge Kellen A. Dotson,**

and **the City of Grand Rapids,**

Defendants.

**COMPLAINT**

*(Pursuant to 42 U.S.C. § 1983 for Violations of Civil Rights)*

**I. Jurisdiction and Venue**

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

2. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Venue is proper under 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims occurred in Grand Rapids, Kent County, Michigan, specifically within the jurisdiction of the 61st District Court, located at 180 Ottawa NW, Grand Rapids, Michigan 49503.

**II. Parties**

1. **Plaintiff**: Kenneth Antwan Artis, a resident of Grand Rapids, Michigan.

2. **Defendants**:

• Officer Anthony Leonard, Officer Lucas Raycraft, and Officer Drake Schut, officers employed by the Grand Rapids Police Department.

• Assistant Prosecutor Christopher R. Herman, Badge #68706, representing the Kent County Prosecutor's Office, located at 82 Ionia NW, Suite 450, Grand Rapids, Michigan 49503.

• Judge Kellen A. Dotson, presiding judge at Plaintiff's probable cause and preliminary examination hearings.

3. **Plaintiff's Criminal Defense Attorney**: Damian Nunzio, who represented Plaintiff in the underlying criminal case, Case Number 2024-FY-001757, and whose address is 29 Pearl Street NW, Suite 415, Grand Rapids, Michigan 49503.

### III. Statement of Facts

1. On October 11, 2024, Plaintiff Kenneth Antwan Artis was detained without a validly authorized warrant by officers acting under the direction of Officer Anthony Leonard.

2. Officer Leonard, without probable cause, ordered Plaintiff's detainment and subsequent arrest, even though the warrant had not been authorized until October 12, 2024.

3. Plaintiff was processed at the Kent County Jail, and on October 12, 2024, a bond of $7,500 was set, approved on a Saturday by the judge based on the unverified and unauthorized status of the warrant at the time of arrest.

4. Plaintiff was arraigned on October 14, 2024, during which the bond was reduced to $5,000. Plaintiff was compelled to post bond on October 20, 2024, as his health was at risk due to deteriorating jail conditions, though he initially wished to remain detained to contest the case.

5. At Plaintiff's Probable Cause Conference on October 22, 2024, at 9:30 a.m., Judge Kellen A. Dotson presided but did not address the issues with the arrest warrant or the irregularities with the probable cause.

6. Plaintiff's Preliminary Examination on October 29, 2024, at 2:00 p.m. included testimony from Officer Leonard regarding statements allegedly made by Shamarah Patrice Hall, the complainant. Despite Hall's absence, refusal to cooperate, and previous indication that she had no intention of testifying, Judge Dotson permitted the officer's hearsay testimony over Plaintiff's counsel's objection.

7. Plaintiff's counsel, Damian Nunzio, placed on record that the warrant had not been authorized at the time of Plaintiff's arrest, highlighting this significant procedural violation, yet Judge Dotson allowed the case to be bound over to Circuit Court, further depriving Plaintiff of his constitutional rights.

## IV. Causes of Action

### Count I – Unlawful Arrest and Detention in Violation of the Fourth and Fourteenth Amendments

1. By arresting and detaining Plaintiff on October 11, 2024, without a validly authorized warrant, Defendants violated Plaintiff's Fourth Amendment right against unreasonable searches and seizures.

2. The failure to address and rectify the warrant irregularity during the arraignment and subsequent hearings on October 22 and October 29, 2024, constituted a violation of Plaintiff's due process rights under the Fourteenth Amendment.

### Count II – Deprivation of Due Process and Fair Trial Rights

1. By permitting hearsay testimony from Officer Leonard in place of live testimony from the complainant during the Preliminary Examination on October 29, 2024, Judge Dotson deprived Plaintiff of his right to a fair trial and confrontation of witnesses, violating the Fourteenth Amendment.

## V. Demand for Relief

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. **Compensatory Damages**:

Award Plaintiff compensatory damages against all Defendants, jointly and severally, for the emotional distress, loss of liberty, reputational damage, and financial harm suffered as a result of the unlawful arrest, detention, and violations of due process, in an amount no less than $500,000, subject to amendment based on evidence produced at trial.

2. **Punitive Damages**:

Award Plaintiff punitive damages against individual Defendants in an amount sufficient to deter such unconstitutional behavior in the future, subject to the Court's determination, but recommended at a minimum of $1,000,000, given the gross abuse of authority, disregard for constitutional rights, and deliberate misconduct exhibited in this case.

3. **Declaratory Judgment**:

Issue a declaratory judgment affirming that Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments were violated due to:

- The arrest and detention conducted without a validly authorized warrant on October 11, 2024.

- The allowance of hearsay evidence in lieu of live testimony from a non-cooperative complainant during the probable cause hearing, violating Plaintiff's due process rights.

4. **Injunctive Relief**:

Enjoin Defendants, including the prosecuting attorney's office, from pursuing further legal action against Plaintiff based on the lack of substantive evidence and procedural violations.

5. **Attorney's Fees and Costs**:

Award Plaintiff reasonable attorney's fees and litigation costs under 42 U.S.C. § 1988 and other applicable statutes.

6. **Further Relief**:

Grant such other and further relief as this Court deems just and proper, including but not limited to, specific damages for health-related risks incurred as a result of detention and mental health support for the psychological distress caused by the Defendants' conduct.

**Plaintiff's Signature**

*[signature]*

Signed on this 22 day of November , 2024

**Kenneth Antwan Artis**

Plaintiff

1037 Michigan Street NE Apt: 416
Grand Rapids MI 49503

**Attorney for Plaintiff**

**Damian Nunzio**

Attorney for Plaintiff

29 Pearl Street NW, Suite 415

Grand Rapids, Michigan 49503

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MICHIGAN

# CIVIL ACTION COVER SHEET

**PLAINTIFF:**

Kenneth Antwan Artis

1037 Michigan street Ne apt 416

Grand Rapids, Michigan, 49503

Phone (602) 818-7228

**DEFENDANTS:**

Shamarah Patrice Hall

Officer Anthony Leonard

Officer Lucas Raycraft

Officer Drake Schut

Assistant Prosecutor Christopher R. Herman

**CASE INFORMATION:**

Case No.: _____

Assigned Judge: _____

**Nature of Suit**

☑ 440 Civil Rights: Other Civil Rights

**ATTORNEYS:**

Plaintiff Attorney (Pro Se)

Kenneth Antwan Artis

Address: 1037 Michigan Street Ne Apt 416

Grand Rapids, Michigan, 49503

Phone (602)818-7228

CERTIFICATION:

I certify that the information provided is true and correct to the best of my knowledge, and that I am proceeding without an attorney in this matter.

*[signature]*

Signature of Plaintiff

Date: 11/22/24