UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ARTIS,

    Plaintiff,

v.

    Case No. 1:24-cv-1250

    Hon. Hala Y. Jarbou

ANTHONY LEONARD, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

    Before the Court is Defendants' motion to dismiss Kenneth Artis's Fourth Amendment claims against them. (MTD, ECF No. 17.) Artis's complaint alleges that Defendants arrested him without a warrant or probable cause. Defendants contend dismissal is warranted because Artis fails to state a claim against them and because they are entitled to qualified immunity. However, Defendants note that Artis is facing criminal prosecution for the same offense underlying the allegedly unlawful arrest at issue in this suit. (Br. in Supp. of MTD 11, ECF No. 18.) An independent review of the state-court record indicates that a trial date has not been set. *See* Register of Actions, Kent County 17th Circuit Court, https://www.kentcountymi.gov/1036/Search-Court-Records (last updated Nov. 18, 2025) [https://perma.cc/PBH2-VXLU].

    Neither party has addressed whether the Court should reach the sufficiency of Artis's complaint while a criminal prosecution related to the claims raised in the complaint is pending. That does not bar the Court from raising the issue on its own initiative, since prudential doctrines like abstention are not subject to the whims of litigants. *See O'Neill v. Coughlan*, 511 F.3d 638, 642–43 (6th Cir. 2008).

The basis for abstention in this case is found in *Wallace v. Kato*, which held that a false-arrest claim under section 1983 accrues the moment "legal process was initiated against" the federal claimant. 549 U.S. 384, 390 (2007). Rejecting the position that false-arrest claims are subject to the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars challenges to the validity of a criminal conviction under section 1983, the Court reasoned that *Heck* has no bearing on a claim that would "impugn *an anticipated future conviction.*" *Wallace*, 594 U.S. at 393. Delayed accrual of those types of claims would compel plaintiff and court alike "to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict." *Id.* The Court met the concern that the civil and criminal actions could conflict by pointing to the "common practice" of staying "the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–94.

Federal courts in this circuit have relied on the language quoted from *Wallace* to abstain from adjudicating false-arrest claims before the prosecution on the underlying offense has terminated or the threat of prosecution has abated. *See, e.g.*, *Spencer v. Boysen*, No. 1:13-cv-105, 2013 WL 3805734, at *6 (W.D. Mich. July 22, 2013); *Sharp v. Bowling Green Police Dep't*, No. 1:23-cv-174, 2024 WL 5056638, at *8–9 (W.D. Ky. Dec. 10, 2024) (collecting cases); *see also Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 641 (6th Cir. 2007) (recognizing that "timely filing" of claims under section 1983 may "prompt abstention during the pendency of related state court proceedings"). *Wallace* relies on a dictum from *Heck*, 512 U.S. at 487 n.8, for the principle that abstention is warranted when a federal civil action overlaps with a pending state criminal proceeding. *Heck* in turn cites *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), in support of this proposition. But few courts evaluate whether *Wallace*'s "common practice" passes the demanding test for *Colorado River* abstention set out in

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 28 (1983), which permits abstention only when concurrent state and federal actions are "substantially similar," *Romine v. Compuserve Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)); *see Fletcher v. City of Sugar Creek*, No. 4:20-cv-30, 2022 WL 1913075, at *3 (W.D. Mo. June 2, 2022) (refusing to abstain from excessive-force case because "underlying criminal proceedings" would not "fully dispose of any claims in the instant civil lawsuit" (cleaned up)).

Other courts have regarded abstention from adjudication of false-arrest damages claims as an application of the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), according to which federal district courts may not entertain suits seeking to enjoin pending state enforcement proceedings. *See, e.g.*, *Watson v. Perez*, 168 F. Supp. 3d 365, 373–74 (D. Mass. 2016) (invoking *Younger* as basis for *Wallace*-type stay); *Lynch v. Nolan*, 598 F. Supp. 2d 900, 903–4 (C.D. Ill. 2009) (same); *see also Geiger v. Conroy*, No. CV 22-2458, 2023 WL 2577233, at *17 n.39 (E.D. Pa. Mar. 20, 2023) (noting that *Heck* cited *Colorado River* and not *Younger* to justify abstention pending trial); *Derrick v. Beale*, No. 2:21-cv-10717, 2021 WL 5795323, at *3–4 (E.D. Mich. Dec. 7, 2021) (suggesting applicability of both *Wallace* and *Younger*).  This position has its attractions: most courts of appeals have extended *Younger* to damages claims, *see Gilbertson v. Albright*, 381 F.3d 965, 978 n.13 (9th Cir. 2004) (en banc), and the Sixth Circuit has affirmed the staying of damages claims on *Younger* grounds more than once, *see Doe v. Univ. of Ky.*, 860 F.3d 365, 371–72 (6th Cir. 2017) (citing *Carroll v. City of Mount Clemens*, 139 F.3d 1072 (6th Cir. 1998)); *but cf. Carras v. Williams*, 807 F.2d 1286, 1291–92 (6th Cir. 1986) ("[A] federal court should not abstain from a

3

case seeking monetary relief when the suit arises from a state judicial proceeding to which the state is not a party . . . .").[1]

Many more courts—including the Supreme Court—have avoided the effort to tie *Wallace* to one of the formal abstention doctrines and instead regarded the practice it prescribes as a kind of "ad hoc abstention." *McDonough v. Smith*, 588 U.S. 109, 120 (2019); *see, e.g.*, *Blakely v. Andrade*, 360 F. Supp. 3d 453, 474–75 (N.D. Tex. 2019) (abstaining based on *Heck* and *Wallace* alone); El v. Black, No. 23-cv-10317, 2025 WL 1707817 (S.D.N.Y. June 18, 2025) (granting *Wallace*-type stay based on courts' "inherent power"); *see also Towne v. Donnelly*, 44 F.4th 666, 674 (7th Cir. 2022) (extending *Wallace* to First Amendment retaliatory-prosecution claims without specifying basis for "prudent use of stays and abstention"). Mindful of the admonition that "the various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases," *NOPSI v. Council of New Orleans*, 491 U.S. 350, 359 (1989) (cleaned up), this Court need not solve the puzzle of *Wallace*-style abstention in order to apply it in this case. The Court will therefore stay this lawsuit until Artis's prosecution is at an end.

**IT IS ORDERED** that Kenneth Artis's repetitive motion to reinstate claims (ECF No. 23; *see* ECF No. 15) dismissed in this Court's screening order (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Artis's claims against Officers Leonard, Raycraft, and Schut are **STAYED** pending resolution of Artis's prosecution in *People v. Artis*, No. 24-10913-FH (Mich. Cir. Ct. filed Nov. 1, 2024).

---

[1] The Court made clear in *Quackenbush v. Allstate Insurance Co.* that the "power to abstain" derives from the "historic discretion exercised by federal courts 'sitting in equity." 517 U.S. 706, 718 (1996) (quoting *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28 (1959)). *Younger* itself relied on the maxim "restraining courts of equity from interfering with criminal prosecutions" in addition to the "even more vital consideration" the Court denominated "Our Federalism" to justify abstaining. 401 U.S. at 43–44; *cf. Samuels v. Mackel*, 401 U.S. at (extending *Younger* to the equally discretionary remedy of declaratory relief). To the extent that *Younger* is premised on equitable principles, then, it is doubtful that its rule can be applied to remedies that do not implicate a court's discretion—especially if those claims present only the *possibility* of federal interference with state interests.

5

**IS IT FURTHER ORDERED** that the parties shall inform the Court in writing when Artis's prosecution has concluded.

**IT IS FURTHER ORDERED** that the clerk of the court shall **ADMINISTRATIVELY CLOSE** this action until the stay is lifted.

Dated: December 9, 2025                     /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE