UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ARTIS,

Plaintiff,

v.

ANTHONY LEONARD, et al.,

Defendants.

Case No. 1:24-cv-1250

Hon. Hala Y. Jarbou

______________________________/

**OPINION**

Kenneth Artis sued numerous officers of the Grand Rapids Police Department, a county prosecutor, a judge, and the city of Grand Rapids after his allegedly unlawful arrest and detention in October 2024. (Am. Compl. ¶¶ 3–9, ECF No. 7.) The Court screened most of Artis's claims on immunity grounds but allowed him to proceed against three Grand Rapids police officers: Anthony Leonard, Lucas Raycraft, and Drake Schut. (ECF No. 10.) The three officers now move to dismiss the remaining claims against them. (Mot. to Dismiss, ECF No. 17.) Because Artis does not plausibly allege that the officers lacked probable cause to arrest him, the Court will grant the motion.

Artis's complaint alleges, in cursory fashion, that he was arrested on October 11, 2024, without a valid warrant or probable cause. (Am. Compl. ¶ 10.) Artis claims that a warrant was issued the day after his arrest, on October 12. (*Id.* ¶ 11.) According to Artis, he was detained until he was able to post bond on October 20. (*Id.* ¶ 12.) Artis contends that because his arrest and detention were without probable cause, the three officers involved in his apprehension—Leonard, Raycraft, and Schut—violated his Fourth Amendment rights. (Am. Compl. ¶¶ 19, 21.)

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

Artis sues for false arrest under the Fourth Amendment on the grounds that the officers arrested him without a warrant or probable cause. The Fourth Amendment does not require officers to obtain a warrant before arresting someone they have probable cause to believe committed a crime. So "for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (quoting *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002)). The police have probable cause to effectuate an arrest when they have "reasonably trustworthy information" that the suspect "had

committed or was committing an offense." *Weser v. Goodson*, 965 F.3d 507, 514 (6th Cir. 2020) (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000)). The information need not approach "prima facie proof," but it must exceed "mere suspicion." *Sykes v. Anderson*, 625 F.3d 294, 306 (6th Cir. 2010) (quoting *United States v. McClain*, 444 F.3d 556, 562 (6th Cir. 2005)).

The officers do not deny that Artis was arrested without a warrant. (Br. in Supp. of Mot. to Dismiss 10, ECF No. 18.) They argue they had probable cause to arrest Artis because they reasonably believed that Artis choked and punched his ex-girlfriend, criminal assaults for which Artis faced prosecution. (*Id.* at 10–11.)

Artis contents himself with a conclusory assertion that the officers did not have probable cause. (Am. Compl. ¶ 10.) But his complaint is devoid of the factual allegations that would justify that legal conclusion. Neither in his pleadings nor in his motion does Artis explain how he was detained, how he came to the officers' attention, or under what circumstances the arrest occurred. These deficiencies alone are sufficient to doom his false-arrest claim.

The other side of the coin is that the officers have presented irrefutable video evidence of the information known to them before arresting Artis. The Court can consider video evidence at the motion-to-dismiss stage and rely on it over the complaint "to the degree the videos are clear and blatantly contradict or utterly discredit the plaintiff's version of events." *Akima v. Peca*, 85 F.4th 416, 422 (6th Cir. 2023) (quoting *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022)) (cleaned up).

Contrary to Artis's assertion that the police lacked probable cause, police bodycam videos show that Officer Raycraft learned from Shamara Hall that her ex-boyfriend punched and choked her within the preceding hour. (Body Camera Recording A, ECF No. 18-1, at 00:40, 02:03, 03:03, 03:34, 04:13–20.) She claimed that the night before, the ex-boyfriend choked her three times.

(Body Camera Recording C, ECF No. 18-3, at 08:22, 08:45.) Hall told Raycraft her ex's name was Kenneth Artis. (*Id.* at 11:58.)

The police detained Artis that same day. When Raycraft asked Artis when he last saw Hall, Artis's response was evasive, first answering that he did not know, then denying that he had seen Hall the previous night, then stating he had seen Hall the previous night at 8 p.m., and only later acknowledging that he had seen her earlier that day. (Body Camera Recording E, ECF No. 18-5, at 03:02, 04:12, 04:40, 05:58.) When Raycraft pointed out the shifting character of Artis's account, Artis became agitated. (*Id.* at 06:03.) When Raycraft asked what caused Hall's injuries, Artis pleaded ignorance. (*Id.* at 07:25, 08:45.) When Officer Schut asked about an injury on Artis's face, Artis said he cut himself shaving, but Raycraft observed that the injury was above the growth line of Artis's facial hair. (*Id.* at 09:35, 09:46-09:57.)

Hall's accusations alone provided ample justification to detain Artis for questioning. When Artis was asked about his recent interactions with Hall, his circuitous and contradictory answers gave reason to be suspicious. His response that he had last seen Hall the night before instead of just a few hours earlier would have heightened those suspicions. Artis's implausible explanation for the apparent injury on his face cast further doubt on his truthfulness, in addition to providing evidence suggesting that Artis may have recently been involved in an altercation. Finally, Artis himself volunteered evidence that he had been at Hall's house earlier in the day. It was entirely reasonable for the officers to infer from these facts that Artis had attacked Hall, giving them probable cause to arrest Artis.

Artis has no answer to the facts substantiated by video evidence. His complaint is devoid of allegations from which it could be inferred that Raycraft and the other officers lacked probable cause to arrest him. Artis's response to the officers' motion is equally silent about any

considerations that would render belief in his culpability unreasonable. The officers have therefore established that Artis failed to plausibly plead absence of probable cause, an indispensable element of his false-arrest claim. The Court will therefore grant their motion to dismiss.

An order and judgment consistent with this Opinion shall issue.

Dated: August 21, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE